# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| EPSTEIN BECKER & GREEN, P.C., a New York professional corporation,<br><br>       Plaintiff,<br><br>v.<br><br>SCANTECH HOLDINGS, LLC, a Georgia limited liability company, and SCANTECH IDENTIFICATION BEAM SYSTEMS, LLC, a Delaware limited liability company,<br><br>       Defendants. | 1:17-cv-01080-WSD |

## OPINION AND ORDER

This matter is before the Court on Plaintiff Epstein Becker & Green, P.C.'s ("Plaintiff") Motion for Expedited Limited Discovery and Motion for Extension of Time to File Amended Complaint [7] ("Motion").

## I. BACKGROUND

On March 24, 2017, Plaintiff filed its Complaint [1], asserting state-law claims against Defendants ScanTech Holdings, LLC ("ScanTech") and ScanTech Identification Beam Systems, LLC ("IBS") (together, "Defendants"). The Complaint alleged that ScanTech is organized, and maintains its principal place of

business in Georgia. (Compl. ¶ 3). It alleged that IBS is a foreign limited liability corporation organized in Delaware. (Compl. ¶ 4). Plaintiff asserted that the Court has diversity jurisdiction under 28 U.S.C. § 1332. (Compl. ¶ 6).

On April 4, 2017, the Court determined that Plaintiff failed to properly allege diversity jurisdiction in its Complaint. ([5]). The Court ordered Defendant to file, on or before April 17, 2017, "an amended complaint that adequately alleges the citizenship of the parties." (Id. at 4).

On April 10, 2017, Plaintiff filed its Motion for Expedited Limited Discovery and Motion for Extension of Time to File Amended Complaint. Plaintiff moves the Court to permit it to conduct expedited jurisdictional discovery "prior to the parties' scheduling conference pursuant to Fed. R. Civ. P. 26(f). . . ." (Mot. at 1). Plaintiff argues that jurisdictional discovery "is necessary to determine whether this Court has proper subject matter jurisdiction." (Mot. at 3). Plaintiff requests an extension of the time to file her amended complaint until "five days after Defendants answer the limited expedited discovery. . . ." (Mot. at 4). Defendants did not file a response to the Motion and it is deemed unopposed. LR 7.1(B), NDGa.

## II.  DISCUSSION

"The right to jurisdictional discovery is a qualified one, available 'when a court's jurisdiction is genuinely in dispute.'"  Wolf v. Celebrity Cruises, Inc., No. 15-12341, 2017 WL 1149092, at *3 (11th Cir. Mar. 28, 2017) (quoting Eaton v. Dorchester Dev., Inc., 692 F.2d 727, 730 (11th Cir. 1982)).  Generally, a plaintiff "should be given the opportunity to discover facts that would support his allegations of jurisdiction."  Majd-Pour v. Georgiana Cmty. Hosp., Inc., 724 F.2d 901, 903 (11th Cir. 1984) (citations omitted).  Where a complaint is "insufficient as a matter of law to establish a prima facie case that the district court had jurisdiction," it is an abuse of discretion to grant jurisdiction discovery.  Butler v. Sukhoi Co., 579 F.3d 1307, 1314 (11th Cir. 2009) (citations omitted).  Courts are "not obligated to permit jurisdictional discovery based on a party's 'mere hunch that there may be facts—or a desire to find out if there are any facts—that justify the exercise of personal jurisdiction.'"  Stevens v. Reliance Fin. Corp., No. 2:13-CV-416-MEF, 2014 WL 631612, at *9 (M.D. Ala. Feb. 18, 2014) (quoting Kason Indus., Inc. v. Dent Design Hardware, Ltd., 952 F. Supp. 2d 1334, 1353 (N.D. Ga. 2013)).

Plaintiff's Complaint offers only speculation and conclusory allegations concerning subject matter jurisdiction.  Plaintiff has not presented sufficient

evidence in its Complaint[1] or Motion to support the diversity citizenship of the parties. The Court is not inclined to permit Plaintiff to engage in jurisdictional discovery on the mere hunch that diversity exists among the parties. Plaintiff's request for jurisdictional discovery is denied. The Court will allow Plaintiff additional time to file its amended complaint to properly allege diversity jurisdiction.

Plaintiff's request for jurisdictional discovery is also premature. Plaintiff attached a letter dated March 30, 2017, as Exhibit A to its Motion [7.1] ("Letter"). The Letter, signed by Plaintiff's counsel and addressed to both Defendants, requests that Defendants provide to Plaintiff:

> [A] list of all of [Defendants'] members and the citizenship of each member as of March 24, 2017. If a . . . member is either a trust or LLC, then [Defendants should] provide [Plaintiff] with the membership and citizenship of each member trust and member LLC. This exercise will need to be performed for every layer of membership until there are only individuals or corporations.

---

[1] Plaintiff's Complaint references Exhibits A, B, C, D, and E as attachments to the Complaint. (Compl. ¶ 5, 11, 13, 14, 16-21, 23-28, 30, 55). These exhibits purport to be Plaintiff's demand letters to Defendants (Ex. A), a settlement agreement between the parties (Ex. B), a promissory note ScanTech issued to Plaintiff (Ex. C), a promissory note IBS issued to Plaintiff (Ex. D), and a second demand letter from Plaintiff to Defendants (Ex. E). (Id.). Plaintiff did not attach these documents to its Complaint and they are not located elsewhere on the docket. The Court does not consider these omitted exhibits when evaluating Plaintiff's evidence of diversity jurisdiction.

(Letter at 3). The Letter requested that Defendants provide the information no later than April 28, 2017, at 5:00 p.m. (Letter at 3). Plaintiff filed its Motion on April 10, 2017, eighteen (18) days prior to the deadline provided to Defendants in the Letter. Defendants still have time to provide Plaintiff with the requested information, which would render Plaintiff's Motion moot. Plaintiff's request for jurisdictional discovery is also denied as premature.

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Expedited Limited Discovery and Motion for Extension of Time to File Amended Complaint [7] is **GRANTED IN PART** and **DENIED IN PART**. The Motion is **DENIED** with respect to Plaintiff's request to conduct expedited limited discovery to ascertain whether diversity jurisdiction exists in this matter. The Motion is **GRANTED** with respect to Plaintiff's request to extend the time to file an amended complaint. Plaintiff shall file, on or before May 26, 2017, its amended complaint that adequately alleges the citizenship of the parties.

**SO ORDERED** this 26th day of April, 2017.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE